(87 Misc. Rep. 333)

ALDEN S. SWAN & CO. v. McNAUGHTON.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. PLEADING (§ 121*)—DENIALS—DENIAL ON INFORMATION AND BELIEF.

A denial on information and belief that goods were sold by plaintiff to defendant was not frivolous, as goods might have been sold and delivered to persons duly authorized to purchase them without defendant having any knowledge thereof; and hence the facts were not such as were presumptively within defendant's knowledge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

2. PLEADING (§ 121*)—DENIALS—DENIAL ON INFORMATION AND BELIEF.

A denial on information and belief that goods alleged to have been sold by plaintiff to defendant were of the reasonable value alleged by plaintiff was not frivolous, on the ground that the facts were presumptively within defendant's knowledge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Alden S. Swan & Co. against William D. McNaughton. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Henry Seiden, of Brooklyn, for appellant.

Russel W. Leary, of New York City (William A. Reynolds, of New York City, of counsel), for respondent.

COHALAN, J. [1, 2] Upon the return day of the summons in this action judgment was rendered in favor of the plaintiff, upon the ground that the answer was frivolous. The second, third, and fourth paragraphs of the complaint set up allegations of a sale of goods, wares, and merchandise to the defendant between the 6th day of January and the 24th day of July, 1913, at "the agreed price and reasonable value" of $331.29, and, except the sum of $150, that no part of the same had been paid. The answer is a denial of this allegation "upon information and belief." This answer was held to be bad by the court below, because it was claimed the facts set forth in the complaint are presumptively within the knowledge of the defendant.

No such presumption can properly be said to exist. Goods may have been sold and delivered to persons duly authorized to purchase the same by the defendant, of which he may not have had the slightest knowledge or information; hence the defendant's denial of the purchase upon information and belief was perfectly legal. The same may also be said as to the allegation of the "reasonable" value of the goods. The complaint was drawn so that the plaintiff could give proof of the reasonable value of the goods, and the defendant might truthfully deny upon information and belief that the amount charged in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the complaint was the reasonable value thereof. The answer was good, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.